**CT Corporation**

**Service of Process Transmittal**
02/04/2016
CT Log Number 528588893

TO: Angela Kolarek, Vice President of Human Resources
On Assignment, Inc.
26745 Malibu Hills Rd
Calabasas, CA 91301-5355

RE: **Process Served in Missouri**

FOR: On Assignment Staffing Services, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** DANIEL GEHRIG, Individually And On Behalf of All Others, Pltf. vs. On Assignment Staffing Services, LLC, etc., Dft.

**DOCUMENT(S) SERVED:** Summons, Complaint

**COURT/AGENCY:** Cole County Circuit Court, MO
Case # 16ACCC00043

**NATURE OF ACTION:** Violation of Fair Credit Reporting Act - Defendant failing to provide the Plaintiff and other members of the adverse action class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Clayton, MO

**DATE AND HOUR OF SERVICE:** By Process Server on 02/04/2016 at 14:56

**JURISDICTION SERVED:** Missouri

**APPEARANCE OR ANSWER DUE:** Within 30 days after service, exclusive of the day of service

**ATTORNEY(S) / SENDER(S):** CHARLES JASON BROWN
Brown & Associates LLC
301 S US HIGHWAY 169
GOWER, MO 64454-9116
816-505-4529

**ACTION ITEMS:** CT has retained the current log, Retain Date: 02/04/2016, Expected Purge Date: 02/09/2016

Image SOP

Email Notification, Angela Kolarek angela.kolarek@onassignment.com

Email Notification, Pam Winger pam.winger@onassignment.com

**SIGNED:** C T Corporation System
**ADDRESS:** 120 South Central Avenue
Suite 400
Clayton, MO 63105
**TELEPHONE:** 314-863-5545

Page 1 of 1 / VR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PATRICIA S JOYCE | Case Number: 16AC-CC00043 |
| Plaintiff's/Petitioner:<br>DANIEL GEHRIG<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>ON ASSIGNMENT STAFFING SERVICE | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ON ASSIGNMENT STAFFING SERVICE
Alias:
CT CORP
120 SOUTH CENTRAL
CLAYTON, MO 63105

*COURT SEAL OF COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/4/2016
Date

by brru

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server     _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ Date     _____ Notary Public

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 2:16-cv-04066-MJW   Document 1-1   Filed 02/22/16   Page 2 of 12

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

DANIEL GEHRIG, )
Individually And On Behalf Of )
All Others, )
)
    Plaintiffs, )
) Case No.:
vs. )
) JURY TRIAL DEMANDED
ON ASSIGNMENT STAFFING )
SERVICES, LLC )
d/b/a )
LAB SUPPORT, LLC )
Registered Agent: )
CT Corporation System )
120 South Central Avenue )
Clayton, MO 63105 )
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Daniel Gehrig, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, On Assignment Staffing Services, LLC d/b/a Lab Support, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. The information obtained by the Defendant from the third party concerning the Plaintiff was a consumer report (as a "consumer report" is defined pursuant to the FCRA).

4. Defendant routinely obtains and uses information in consumer reports to conduct

background checks on prospective and existing employees.

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6. Defendant took an "adverse action" (as an "adverse action" is defined pursuant to the FCRA) against the Plaintiff.

7. Defendant relies on information in consumer reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

8. Plaintiff brings this action against Defendant for violations of the FCRA.

9. The manner in which Defendant obtained a consumer report on the Plaintiff is consistent with its policies and practices.

10. The manner in which Defendant obtained a consumer report on the Plaintiff is the same or similar method used to obtain consumer reports on other putative class members.

11. Defendant has taken an adverse employment action against the Plaintiff based on information contained in a consumer report.

12. Defendant failed to provide the Plaintiff with a copy of the consumer report prior to taking the adverse employment action.

13. Defendant failed to provide the Plaintiff with a reasonable period of time to address the content of the consumer report prior to taking adverse employment action.

14. Based on Defendant's violation of the FCRA, Plaintiff asserts a FCRA claim on behalf of himself and all other individuals who's rights under the FCRA were violated as may be revealed during this proceeding.

15. Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

16. Plaintiff Gehrig is a resident of Greenville, Illinois. Plaintiff is a member of the Putative Classes defined below.

17. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Missouri.

## JURISDICTION AND VENUE

18. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

19. Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

20. Plaintiff Gehrig applied online for work with Defendant in or about April of 2015.

21. A couple of weeks after applying online, Plaintiff had a telephone interview with Defendant.

22. About one week after the telephone interview Plaintiff was offered a position with Vi Jon through Defendant.

23. Plaintiff met with representatives from Vi Jon on or about May 6, 2015 where Plaintiff and the representatives from Vi Jon discussed Plaintiff's background.

24. Approximately the day after the meeting with Vi Jon representatives the Plaintiff received a call from Defendant telling him he was being denied the position with Vi Jon.

25. Plaintiff was not provided with a reasonable amount of time to challenge any

inaccuracy that may have been present within the consumer report.

26. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based in whole or in part upon his consumer report.

27. Defendant is aware of the FCRA.

28. Defendant has knowledge that it must comply with the FCRA.

29. Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

30. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

31. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

32. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34. Plaintiff asserts the following classes:

Proposed Adverse Action Class: All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after February 3, 2014, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

## Numerosity

35. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Defendant relies on such information, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiff believes that during the relevant time period, hundreds of Defendant's employees and prospective employees would fall within the definition of the class.

## Common Questions of Law and Fact

36. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against plaintiffs and other members of the adverse action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the adverse action class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

    d. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the adverse action class on the basis of information in a consumer report, without first providing a written description of individuals rights pursuant to the FCRA;

e. Whether Defendant's Disclosure Form violates the FCRA;

f. Whether Defendant's violations of the FCRA willful; and

g. The proper measure of statutory damages in punitive damages.

### Typicality

37. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by the Plaintiff is typical of those suffered by other class members.

### Adequacy of Representation

38. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

39. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

40. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further,

adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

41. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

42. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a

single forum.

43. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

### Adverse Action Violations

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from Zerochaos.

46. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

47. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

48. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

49. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

- b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

- c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

- d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

50. Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

51. Plaintiff and the adverse action class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

52. Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an Order for the following:

- a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

- b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

- c. Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

- d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA;

g. Order awarding statutory damages and punitive damages as provided the FCRA;

h. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF